maximum allowable sentence under section 841(b)(1)(C) is twenty years. The Guidelines provide that for an offense statutory maximum of "20 years or more, but less than 25 years," the offense level under the career offender section shall be 32. *See* U.S.S.G. § 4B1.1(C). Because the base offense level for Rogers remains at 30, the career offender level of 32 must be applied. *See* U.S.S.G. § 4B1.1. Because Rogers had a criminal history category of VI, his offense level of 32 gives him a sentencing range of 210–262 months. However, because the maximum imprisonment allowable under section 841(b)(1)(C) is 20 years, the imprisonment range must be 210–240 months. *See* U.S.S.G. § 5G1.1(c). Section 841(b)(1)(C) also dictates supervised release of at least three years in addition to the term of imprisonment and authorizes a fine of not more than $1,000,000. *See* 21 U.S.C. § 841(b)(1)(C).

We therefore VACATE Rogers's sentence and REMAND to the district court for resentencing.

SO ORDERED.

**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Denver H. LINVILLE, Defendant–Appellant.**

**No. 99–12243**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 29, 2000.

tion of trust is irrelevant." (emphasis in original) (citing *Garrison*, 133 F.3d at 848)). *Garrison* offered no explanation of its implicit holding that the United States is the *only* possible victim of Medicare fraud, but the likely reason is that the government is the only entity that pays directly out of pocket for the losses. *See Mills*, 138 F.3d at 930 (describing Medicare disbursement process). Bank fraud is distinguishable. A bank is a possible victim, of course, but so are other persons, because the fraudulent scheme need only be "to obtain money, funds, or credits *under the custody or control* of a federally insured financial institution." *United States v. Falcone*, 934 F.2d 1528, 1539 (11th Cir.1991), *vacated,* 939 F.2d 1455, *reinstated,* 960 F.2d 988 (1992) (emphasis added); *see also United States v. Key*, 76 F.3d 350, 353 n. 3 (11th Cir.1996). Money under the custody or control of a bank is not necessarily money whose loss the bank is responsible for, as this case amply illustrates. The bank fraud statute, then, contemplates a larger class of victims than the Medicare fraud statute. It follows that more than one person could, depending on the case's facts, be the victim who reposes trust in the defendant.

Because the district court properly increased Linville's offense level under U.S.S.G. § 3B1.3, we affirm his sentences.[3]

AFFIRMED.

---

Margaret GODWIN, Petitioner,

v.

DEPARTMENT OF DEFENSE, Respondent.

No. 99–3333.

United States Court of Appeals, Federal Circuit.

Oct. 3, 2000

---

**3.** Linville's base offense level could not be enhanced under § 3B1.3 based upon the use of a special skill because his sentence was enhanced two-levels for his aggravating role in the offense pursuant to § 3B1.1.